FILED
2025 Sep-29 PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

2025 SEP 29 P 2: 01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| *CHELSEA K. MANDEVILLE* | ) |
| *Plaintiff,* | ) |
| v. | ) CIVIL ACTION NO.: _____ |
| *LAKELAND CEMETERY* | ) |
| *SERVICES, INC.,* | ) |
| & | ) |
| *EVERSTORY PARTNERS* | ) |
| *Defendants.* | ) |

September 25th, 2025

## MOTION FOR EQUITABLE TOLLING

TO THE HONORABLE COURT:

Plaintiff Chelsea K. Mandeville, proceeding pro se, respectfully moves this Court for equitable

tolling of the 90-day deadline to file suit following receipt of her EEOC Right to Sue letter, and

in support thereof states:

## I. BACKGROUND

1. On June 25, 2024, at approximately 3:00 PM, the Equal Employment Opportunity

Commission issued Plaintiff a Right to Sue letter for EEOC Charge No. 420-2025-00032.

2. Under 42 U.S.C. § 2000e-5(f)(1), Plaintiff had 90 days from receipt of this notice to file a civil action, making the deadline September 23, 2025.

3. Plaintiff seeks equitable tolling to file this action on September 25, 2025, a delay of two (2) days beyond the statutory deadline.

II. GROUNDS FOR EQUITABLE TOLLING

4. Phone Service Interruption: On June 24, 2025, Plaintiff's household phone service was disconnected due to a lapse in service. Phone service was restored on June 27, 2025. Carrier records and available text messages from the carrier will demonstrate this interruption of communication services.

5. Financial Hardship from Wrongful Termination and Disability: Plaintiff was wrongfully terminated by these same Defendants in November 2024, as detailed in the underlying civil complaint. This termination created significant financial hardship, preventing Plaintiff from maintaining consistent phone service and resulting in the car insurance payment being late in June 2025. Due to her disability of Systemic Lupus Erythematosus, Plaintiff has been unable to find employment since her termination. She applied for disability benefits shortly after being terminated. The car insurance issue was not corrected until July 2025, as evidenced by policy payment documents.

6. Delayed Receipt of Notice: Due to the phone service interruption on June 24-27, 2025, Plaintiff was unable to receive the EEOC Right to Sue letter issued on June 25, 2025, until after phone service was restored on June 27, 2025.

7. Extraordinary Circumstances: The combination of financial hardship from Plaintiff's wrongful termination by these same Defendants in November 2024, her ongoing unemployment due to her Systemic Lupus Erythematosus disability, the resulting phone service disconnection coinciding with the EEOC notice, and the car insurance issues, created extraordinary circumstances beyond Plaintiff's control that prevented timely filing.

III. **LEGAL STANDARD**

8. Equitable tolling is appropriate when: (1) the plaintiff has been pursuing her rights diligently, and (2) some extraordinary circumstance stood in her way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

9. The doctrine applies when a litigant's failure to meet a deadline is attributable to extraordinary circumstances beyond her control. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

IV. **APPLICATION**

10. Diligent Pursuit: Plaintiff has diligently pursued her rights through the administrative process, filing her EEOC charge and cooperating with the investigation.

11. Extraordinary Circumstances: The timing of the phone service interruption (June 24-27, 2025) coinciding precisely with the EEOC's issuance of the Right to Sue letter (June 25, 2025) created extraordinary circumstances beyond Plaintiff's control.

12. Minimal Delay: The requested tolling involves only a two-day extension, demonstrating Plaintiff's prompt action once the impediments were resolved.

13. Supporting Documentation: Plaintiff will provide carrier records showing the phone service interruption and insurance payment documents demonstrating the transportation limitations during the relevant period.

## V. CONCLUSION

The brief two-day delay in filing was caused by extraordinary circumstances beyond Plaintiff's control that prevented her receipt of the EEOC notice until June 27, 2025. Equity and fairness support tolling the deadline to permit filing on September 25, 2025.

WHEREFORE, Plaintiff respectfully requests this Court grant her Motion for Equitable Tolling and deem her civil action timely filed.


Respectfully submitted,


**/s/ Chelsea K. Mandeville**

Chelsea K. Mandeville

400 West Blue Mountain Road

Anniston, AL 36201

Phone: (256)-589-2167

Email: ckayem@yahoo.com

Pro Se Plaintiff

400 W. Blue Mountain Rd.

Anniston, Calhoun County,

Alabama, 36201


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Equitable Tolling was served upon all parties of record by the method indicated below:

☒ U.S. Mail, postage prepaid

☐ Hand delivery

☐ Electronic filing

☐ Other: _____

This **26th** day of September, 2025.

/s/ Chelsea K. Mandeville

Chelsea K. Mandeville

Phone: (256)-589-2167

Email: ckayem@yahoo.com

400 W. Blue Mountain Rd.

Anniston, Calhoun County,

Alabama, 36201