# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHELSEA K. MANDEVILLE,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION NO.:** |
| **LAKELAND CEMETERY SERVICES, INC. and STONEMOR INC. d/b/a EVERSTORY PARTNERS,** | **1:25-cv-01667-RDP** |
| Defendants. | |

## DEFENDANT STONEMOR INC. d/b/a EVERSTORY PARTNERS MOTION TO DISMISS

**COMES NOW** Defendant, **StoneMor Inc. d/b/a Everstory Partners**, ("Everstory" or "Defendant"), and moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6), move the Court to dismiss all claims asserted against them. As grounds for said motion, Everstory states that Plaintiff has asserted no plausible claim upon which relief may be granted. In support of this Motion, Defendant states as follows:

**I.      Introduction**

Plaintiff, Chelsea Mandeville ("Mandeville"), was hired by Lakeland Cemetery Services, Inc. ("Lakeland") as a mower and landscaper in June 2021.

[Doc. 1, ¶ 9]. On March 11, 2025, Mandeville filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging retaliation based on a disability and engagement in protected activity under the Americans with Disabilities Act ("ADA"). [Doc. 1, p. 9-10]. On June 25, 2025, the EEOC issued Mandeville a Right to Sue Letter. [Doc. 1, p. 11].

Mandeville filed seven (7) pages of a Complaint on September 29, 2025 appearing to assert two counts against Everstory, including Count III – Disability Discrimination (ADA) and Count IV Retaliation (Title VII and ADA). [Doc. 1, ¶¶ 25-27]. Mandeville did not specifically indicate that the claims asserted in Count V – Hostile Work Environment (Alabama Common Law) or that the heading of Count VI – Intentional Infliction of Emotional Distress are intended to include Everstory; however, in an abundance of caution, Everstory will address the same herein. The introduction to the Complaint indicates that Mandeville is also attempting to assert claims for civil conspiracy, defamation and invasion of privacy; though there are no actual claims for the same in the Complaint. [Doc. 1, ¶ 1].[1]

## II.   Statement of Factual Allegations

1.   Mandeville was hired by Lakeland in June of 2021 as a mower and landscaper. [Doc. 1, ¶ 9]. At all relevant times, as Mandeville acknowledged in her Complaint, Lakeland was Mandeville's employer. [*Id*. at ¶ 3].

---

[1]   It appears that the Complaint filed in this case may be missing several pages.

2. An affiliate of Everstory simply owns the premises at which Mandeville performed the job duties of a mower and landscaper on behalf of and as an employee of Lakeland. [*Id*. at ¶ 4].

3. Mandeville alleges to have disclosed her disability to "CEO Craig Haupt and Supervisor Jeff Simpson" who are employees of Lakeland. [*Id*. at ¶ 10].

4. Mandeville alleges Lakeland provided an accommodation of flexible hours for her disability. [*Id*. at ¶ 19].

5. On August 8, 2024, Everstory sought to enforce already-existing property access rules, including hours during which any individual could be on the property, and, as a result, Mandeville alleges Lakeland adjusted her employment hours according to the property access restrictions. [*Id*. at ¶ 19].

6. Mandeville is not an employee of Everstory rather she is employed by Lakeland. [*Id*. at ¶¶ 3, 9].

7. Lakeland terminated Mandeville's employment on November 1, 2024. [*Id*. at ¶ 22].

### III.  Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation

to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  It similarly "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

The Supreme Court has identified two working principles for courts to follow in ruling on motions to dismiss.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Determining whether a complaint states

a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

Defendant Everstory denies that Plaintiffs' claims have any factual basis and sharply contests the allegations made by Plaintiffs. However, even accepting the factual allegations as true, Mandeville's claims are facially deficient for the reasons described below. Accordingly, the Court should dismiss all claims against Defendant Everstory.

## IV. Argument

### A. Mandeville's Claims Are Not Plausibly Pleaded Under *Twombly* and *Iqbal* and Must Be Dismissed.

Mandeville's Complaint is insufficient to state a plausible claim for relief against Everstory. The allegations asserted against Everstory are precisely the type of claims that are not permissible under *Twombly* and *Iqbal*. Plaintiff has not alleged facts that could support any cause of action against Everstory. Instead, she asserts unsupported, vague conclusions of law. As such, the claims against Everstory are due to be dismissed.

### B. Mandeville's Claims Against Everstory Under the ADA and Title VII are Due to be Dismissed Because Everstory Was Not Her Employer.

In her Complaint, Mandeville correctly acknowledges that Lakeland was her employer. [Doc. 1 at ¶¶ 3, 9]. She provides no facts whatsoever to support the conclusory allegation that Everstory was a joint employer, nor do such facts exist. As Mandeville noted, Everstory's affiliate merely owns the property upon which Mandeville worked for her employer, Lakeland, performing mowing and landscaping duties. The Complaint does not *plausibly* allege that Everstory was a joint employer of Mandeville, nor could she make such allegation. The tenet that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions such as the one made by Mandeville in claiming that Everstory was a joint employer. *Iqbal*, 556 U.S. at 678. As such, Mandeville's claims against Everstory are due to be dismissed.

    C. **Mandeville Fails to Assert a Plausible *Prima Facie* Claim for Discrimination Under the ADA.**

Mandeville fails to assert a *prima facie* case of disability discrimination against Everstory under the ADA. The ADA provides: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Under the ADA, an employer must also make reasonable accommodations that allow a disabled individual to perform his or her job, unless that accommodation would cause an undue hardship. 42 U.S.C. §

12112(b)(5)(A).

In order to establish a *prima facie* case of discrimination under the ADA, a plaintiff must demonstrate that: "(1) [s]he is disabled; (2) [s]he was a 'qualified individual' at the relevant time, meaning [s]he could perform the essential functions of the job in question with or without reasonable accommodations; and (3) [s]he was discriminated against because of his disability." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001) (citing *Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000)). If a plaintiff establishes a *prima facie* case, the burden shifts to the defendant to demonstrate legitimate, nondiscriminatory reasons for its actions. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004). Once a defendant meets that burden, the plaintiff must then "show that the employer's reasons were pretexts for intentional discrimination." *Id.*

Here, even if she could demonstrate an employer-employee relationship, Mandeville does not allege facts to establish that she was disabled, that she was a qualified individual at the relevant time with or without accommodations, or that Everstory discriminated against her in violation of the ADA. In fact, Mandeville does not even allege that Everstory knew about any alleged disability or was involved in any way with decisions concerning accommodations that Mandeville claims she requested and received. Instead, Mandeville makes vague allegations and concludes that Everstory discriminated against her. Such unsupported, conclusory

allegations are insufficient to withstand this motion to dismiss.

>    D. **Mandeville's Claim of Retaliation Under the ADA Against Everstory is Due to Be Dismissed Because Mandeville Did Not Plead Facts Sufficient to Establish a *Prima Facie* Claim of Retaliation.**

To establish a claim for retaliation under the ADA, a plaintiff must show that: (1) she engaged in statutorily protected conduct; (2) she suffered an adverse employment action; and (3) there was a causal relationship between the action and her protected expression. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999). "An employee participates in a protected activity when she makes "a request for a reasonable accommodation." *Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016). ADA retaliation claims are assessed under the same burden-shifting framework as Title VII retaliation claims. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). "Under this framework, the plaintiff has the initial burden to establish a *prima facie* case of retaliation, and once he does, "the burden shifts to the employer to articulate a nondiscriminatory reason for the adverse action." *Standard*, at 1331. "If the employer does so, the burden shifts back to the employee to demonstrate that the employer's proffered reason was pretextual by presenting evidence sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Id.*

In this case, Mandeville's claim for ADA retaliation fails for several reasons. First, she has not established that Everstory was an employer, joint or otherwise. Further, Mandeville does not plausibly allege facts that would support a *prima facie* claim of retaliation by Everstory. Instead, her Complaint claims that "Defendants retaliated against Plaintiff after she engaged in protected activity including accommodation requests, EEOC charges, and healthcare complaints." [Doc. 1, ¶ 26]. Mandeville has failed to allege any facts that could plausibly establish a *prima facie* claim of retaliation against Everstory under the ADA; therefore, her claim is due to be dismissed.

### E. Mandeville's Title VII Retaliation Claim Against Everstory is Due to Be Dismissed.

#### 1. Mandeville Did Not Exhaust the Administrative Requirements to Maintain a Lawsuit Against Everstory Under Title VII.

To pursue a claim under Title VII a plaintiff must first exhaust her administrative remedies. *See Price v. M & H Valve Co.*, 177 Fed. App'x 1, 9 (11th Cir. 2006); *see also Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). To exhaust a plaintiff's remedies, a timely charge of discrimination must be filed with the EEOC within 180 days of the last discriminatory act. *Id.* The EEOC then must issue notice of plaintiff's right to sue and a civil action filed with ninety days after the issuance of the letter. *See Miller v. Georgia*, 223 Fed. App'x 842, 844 (11th Cir. 2007). Where the Complaint reveals a discrepancy between the claims

asserted in the charge and judicial claims, such new allegations are inappropriate. *See Gregory v. Ga Dep't of Human Res.*, 355 F.3d 1277, 1279-80 (11th Cir. 2004).

Here, Mandeville asserts that she has established her administrative prerequisites by filing three EEOC Charges of Discrimination and filing this lawsuit after the issuance of a Right to Sue Letter. [Doc. 1, ¶¶ 7-8]. In two of the three EEOC charges, Mandeville fails to name Everstory as her employer or assert any allegations against Everstory. [Doc. 1, pp. 13, 17]. Mandeville incorrectly names Everstory as an employer in the final EEOC charge but only alleges an ADA discrimination claim. [*Id*. at p. 9]. Mandeville excludes any reference to retaliation under Title VII protected characteristics and instead alleges retaliation for a reasonable accommodation. [*Id*.]. Without asserting a timely charge of discrimination to the EEOC regarding a Title VII claim, Mandeville has failed to satisfy the administrative prerequisites of asserting a Title VII claim. As a result, Mandeville's Title VII retaliation claim against Everstory must be dismissed.

### 2.  Mandeville Fails to Assert a Plausible *Prima Facie* Claim of Title VII Retaliation Against Everstory.

Even if Mandeville had exhausted administrative remedies, her claim against Everstory would still fail, as she has not alleged facts to support a *prima facie* claim for Title VII retaliation against Everstory. To establish a *prima facie* case of retaliation in violation of Title VII, a claimant must establish that: "(1) [s]he engaged in an activity protected under Title VII; (2) [s]he suffered an adverse employment

action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (citing *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001)). To qualify as adverse, the action must affect "a serious and material change in the terms, conditions, or privileges of employment." *Crawford*, 529 F.3d at 970-71 (11th Cir. 2008) (emphasis in original) (quoting *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001)).  Once the employee establishes a *prima facie* case of discrimination [or retaliation], the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its treatment of the employee. If the employer articulates such a reason, the burden shifts to the employee to 'proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual.'" *Gresham v. City of Florence*, 319 F. App'x 857, 864 (quoting *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000)).

Mandeville has not alleged facts that are sufficient to establish a plausible *prima facie* claim for retaliation under Title VII against Everstory.  While Mandeville states that she "engaged in protected activity by displaying a whiteboard explaining federal anti-retaliation laws," [Doc. 1, ¶ 21], that conclusory statement is not sufficient to establish that she engaged in activity protected under Title VII. Mandeville's legal conclusion that "Defendants retaliated against Plaintiff after she

engaged in protected activity including accommodation requests, EEOC charges, and healthcare complaints" is insufficient to establish a plausible claim for relief. As such, the claim for retaliation under Title VII and the ADA is due to be dismissed.

### F. Mandeville's Alabama Common Law Hostile Work Environment Claim is Due to be Dismissed Because Such Cause of Action Does not Exist.

In jurisdictions recognizing employment at will, such as Alabama, termination absent a specific statutory or contractual limitation is not actionable in tort and a public policy exception to employment at will does not exist. *See Hoffman-La Roche, Inc. v. Campbell*, 512 So. 2d 725, 728 (Ala. 1987). Mandeville asserts a common law cause of action for alleged intolerable working conditions establishing a hostile work environment. A hostile work environment claim does not exist under Alabama common or statutory law. As such, Mandeville's claim for Alabama common law hostile work environment must be dismissed.

### G. Mandeville's Tort Claims Are Due to be Dismissed for Failing to State a Plausible Claim Upon Which Relief May Be Granted.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . ." *Iqbal*, 556 U.S. at 678. The factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555, 557. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. When

determining whether a claim is stated, conclusory assertions cannot be used to establish the basis of a claim. *See LeBlanc*, 2025 U.S. Dist. LEXIS 26193, at *10.

Here, Mandeville has failed to assert factual allegations to establish a *prima facie* case for intentional infliction of emotional distress, civil conspiracy, or invasion of privacy. Everstory is not even certain that those claims are being alleged against it. Further, the Complaint is completely devoid of facts that would be necessary to support those claims. The mere assertion that a defendant committed such torts is insufficient to withstand a motion to dismiss. Accordingly, Plaintiff's claims for intentional infliction of emotional distress, civil conspiracy, and invasion of privacy are due to be dismissed.

### H. The Complaint is an Impermissible Shotgun Pleading and is Due to be Dismissed.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The "self-evident" purpose of Rule 8(a) is to require plaintiffs to present their claims discretely and succinctly, so that their adversary can discern what the plaintiffs are claiming and frame a responsive pleading. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1319 (11th Cir. 2015)) (internal citations omitted). Compliance with these rules allows the Court and the defendants to determine "which facts support which claims." *Id*.

The Eleventh Circuit Court of Appeals identifies four types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). They are: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," (2) a complaint that is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) "one that commits the sin of not separating into a different count each cause of action or claim for relief;' and (4) "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Mandeville's Complaint falls into three of the four identified categories – specifically, categories 2, 3, and 4. The Complaint does not provide sufficient information for Everstory to determine the wrongs it is even alleged to have committed in this case. As it is clearly a prohibited shotgun pleading, the Complaint in this case is due to be dismissed.

## V.  Conclusion

For the reasons stated hereinabove, all claims in the Complaint asserted against Everstory are due to be dismissed under Federal Rule of Civil Procedure

12(b)(6)

WHEREFORE these premises considered, Defendant Everstory moves this Court to dismiss Plaintiff's Complaint against it.

Respectfully submitted this, the 9th day of December 2025,

                              */s/ Melisa C. Zwilling*
                              **Melisa C. Zwilling (asb-5026-r71m)**
                              *Attorney for Defendant*

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL 35216
Telephone: (205) 822-2006
Fax: (205) 822-2057
mzwilling@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 9th day of December 2025, the foregoing document was electronically filed with the Clerk of this Court and served upon the following using the CM/ECF system:

Chelsea K. Mandeville
Street Address Redacted
Birmingham, AL 35203
*Pro Se*

                              */s/Melisa C. Zwilling*
                              OF COUNSEL