IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHELSEA CULLEN, ) Plaintiff, ) ) v. ) ) LAKELAND CEMETERY SERVICES, ) INC., and STONEMOR, INC. d/b/a ) EVERSTORY PARTNERS, LLC, ) Defendants. ) | 1:25-cv-01667-RDP |

## DEFENDANT LAKELAND CEMETERY SERVICES, INC.'S MOTION TO DISMISS

COMES NOW, Defendant Lakeland Cemetery Services Inc., and brings the following Motion to Dismiss pursuant to Fed. R. Civ. P. 12. In support thereof, Defendant states as follows:

### STANDARD OF REVIEW

Fed. R. Civ. P. 8(a)(2) requires that the pleader give "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, Plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288–89 (11th Cir. 2010). Reviewing a 12(b)(6) motion, a court must first

1

determine the sufficiency of the allegations and, if sufficient to support a presumption of truth, then determine whether the allegations plausibly give rise to an entitlement to relief. See Iqbal, 556 U.S. at 678–79. In analyzing a complaint, a court "[is] not . . . required to accept the labels and legal conclusions in the complaint as true." Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). If a plaintiff's complaint does not meet these standards, "this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558.

## ARGUMENTS

**1. Plaintiff's Filing is Untimely.**

42 U.S.C.A. § 2000e-5(f)(1) requires that, upon receipt of a determination letter and notice of right to sue, the claimant has ninety (90) days to bring a civil action. "Statutory notification is complete only upon actual receipt of the right to sue letter." Kerr v. McDonald's Corp. 427 F.3d 947, 952 (11th Cir. 2005), internal citations omitted. This circuit determines each matter "on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimum responsibility…without conditioning a claimant's right to sue…on fortuitous circumstances or events beyond [her] control." Zillyette v. Capital One Financial Corp., 179 F.3d 1337, 1340 (11th CIr. 1999).

In her Complaint, the Plaintiff claims that said Complaint "is timely filed within 90 days of receipt of each respective Right to Sue [letter]." Doc. 1, Pg. 4. Plaintiff herself has acknowledged this is untrue in her Motion for Equitable Tolling filed with this Court and in her attachments to the Complaint. Doc. 1, Pg. 21; Doc. 3. In her Motion for Equitable Tolling, the Plaintiff states unto this Court that she received notice when her phone service was restored on or about June 27, 2025. Doc. 3, Pg. 2, Para. 4. Ninety (90) days from June 27, 2025 is September 25, 2025. Plaintiff, however, did not file her Complaint until September 29, 2025, some four (4) days after the deadline, according to her own admission and despite her claim that she is only asking this Court to toll the deadline for a period of two (2) days. Doc. 3. Her claims are, therefore, untimely and should be dismissed. The Plaintiff has failed to allege any specific, extraordinary facts or circumstances which would prevent her from filing in a timely manner, other than disconnected phone service or her failure to pay her bills. Even according to her own admission, once service was restored and she did receive the Determination of Charge and Notice of Right to Sue, she still failed to file her Complaint in a timely manner.

2. **Plaintiff's Filing Fails to Allege Claims Based Upon Specific Facts And Circumstances Such That Defendant Can Substantively Respond.**

While Courts may construe pro se complaints liberally, they cannot "rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air

3

Jamaica Ltd., 760 F.3d 1165, 1168-9 (11th Cir. 2014). Conclusory and general assertions are insufficient to state a claim upon which relief may be granted. Iqbal at 678. The Iqbal pleading standards apply in employment discrimination cases; facts alleged in the complaint must plausibly suggest that an employee suffered adverse employment action due to intentional discrimination. Surtain v. Hamlin Terrace Found., 789 F.3d 1229, 1245-6 (11th Cir. 2015).

    In her Complaint, the Plaintiff claims that she "received written discipline for absences related to her medical condition, in contradiction of her accommodation." Doc. 1, Pg. 5. She does not state how said absences were related to her medical condition, nor does she state how this was in contradiction to an accommodation. She also fails to allege how these written reprimands, which did not result in any actions adverse to her employment, constitute discrimination. She also states in her Complaint that she requested a sun canopy as an accommodation, and that she received said sun canopy. She then says she was written up at some point after another worker damaged the canopy, but does not state how this relates to her specific claims. The Plaintiff then goes on to describe another complaint, filed with another agency, and pending before another Federal District Court on her Affordable Care Act complaints. Doc. 1, Pg. 5. Plaintiff then summarily states that she experienced "hostility" and "harassment," but never states what she believes constitutes said hostility or harassment. Id.

In the section of Plaintiff's Complaint labeled "VI. Legal Claims," she, once again, summarily states that she has been discriminated against, but fails to give any specific examples of said discriminatory conduct. <u>See e.g.</u> Doc. 1, Pg. 6, Para. 23. Plaintiff's Complaint also lists at least one count in title without any substantive facts or allegations. <u>See e.g.</u> Doc. 1, Pg. 7, Count VI. Plaintiff's failure to state even a cursory claim supported by factual allegations fails to meet the minimum pleading standards and requirements and, therefore, should be dismissed.

## CONCLUSION

WHEREFORE, Defendant prays that this Court will dismiss the Plaintiffs' Complaint in its entirety or in part, pursuant to those arguments raised above.

<u>/s/ Megan Phillips Huizinga</u>
Megan Huizinga (ASB 8352I21H)
*Counsel for Lakeland Defendants*

**OF COUNSEL:**
Knowles & Sullivan, LLC
413 Broad St.
Gadsden, AL 35901
256-547-7200
megan@kkslawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all parties to this action by e-file using the Court's CM/ECF system, electronic mail, and/or by depositing a copy of the same in the U.S. Mail, first-class postage prepaid and properly addressed as follows:

5

Chelsea Mandeville
400 W Blue Mountain Rd.
Anniston, AL 36201
manc90937@gmail.com

**Done this the 18th day of December, 2025.**

<u>*/s/ Megan Phillips Huizinga*</u>
Megan Huizinga (ASB 8352I21H)
*Counsel for Lakeland Defendants*
